## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4374. June 10, 1960.]

THE PEOPLE, Appellant, v. MARY HELEN
PERREAULT, Respondent.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant
City Attorney, and William E. Doran, Deputy City Attorney,
for Appellant.

Leonard Horwin and Hortense Stahl for Respondent.

SWAIN, P. The defendant was charged with violating that part of Penal Code, section 273g, which provides:
"Any person who . . . is habitually drunk in the presence
of any child in his care, custody or control, is guilty of a misdemeanor." Prior to the introduction of evidence, defendant
moved to dismiss the action on the ground that said section
violates the due process requirements of the Constitutions of
the United States and of California in that the meaning of the
words "habitually drunk" is vague, uncertain and ambiguous.
The motion was granted and the People appeal. That the motion was well taken is settled by *In re Newbern* (1960), 53
Cal.2d 786 [3 Cal.Rptr. 364, 350 P.2d 116], which holds that
"common drunk" as used in Pen. Code, section 647, sub-

division 11, is too uncertain even though it has been defined as habitual or frequent. The opinion, after reviewing many authorities which attempt to define "habitual," states, p. 795: "It may easily be seen from the foregoing collection of cases that reasonable men differ greatly as to the meanings to be ascribed to the term common or habitual drunks or drunkards. It is also apparent that some of the definitions quoted above are not, themselves, free from a charge of ambiguity."

The judgment is affirmed.

Huls, J., and Smith, J., concurred.